UNITED STATES DISTRICT COURT
DISTRICT OF ~~ORGON~~ OREGON

| | |
|---|---|
| 1 RICKY WAYNE KARLE<br>       Plaintiff<br>2 V.<br>3 COLLETTE PETERS, JUDY GILMORE<br>4 JASON BELL, "JOHN" PLATT,<br>5 "JOHN" BREWER, Defendants | Case NO. 2:18-cv-00402-MC<br>HON.<br>CIVIL COMPLAINT WITH<br>JURY DEMAND |

## I. INTRODUTION

This is a civil complaint filed by Ricky Karle @ state prison. for damages and dedicatory Judgments under 42 U.S.C §1983 alleging That SRCI officals failed to turn the ventilation systems into cells All the way off during the use of chemical agents and failed To Decontaminate Plaintiff after complained of burning, itching and sore throat Form inhaling the toxic fumes. SRCI officials did not let Plaintiff Decontaminate by way of shower untill Three days over 68 hours later Plaintiff alleges that SRCI officials where deliberately indifferent To Plaintiff Serious medical needs to decontaminate from O.C. spray harmful effects when They denied him an oppertuninty to decontaminate within a reasonble Period of Time. this violating his Eighth Amendment to U.S constitutioal Under The cruel and unusual Punishment standarots which The Eighth Amendment Forbids.

## II JURISDICTION

(A.) This court has Jurisdiction over Plaintiff claim of violaion of fedarel constitutioal right under 42. U.S.C §§ 1331(1) on 1343

Page 1 of 6   CIVIL COMPLAINT

## III PARTIES

1 (A.) Name of Plaintiff: RICKY WAYNE KARLE
2 Security Identification NO: 15976226
3 Address: 777 Stanton blvd. Ontario, OR, 97914
4
5 (B.) Defendants: "John" PLATT and "John" BREWER are both correctional
6 officers employed at S.R.C.I whose first names are unknown at This
7 Time they are both sued in Their individual capacity.
8 Defendants: JUDY GILMORE and JASON BELL are both assistant
9 Superintendents at S.R.C.I and are in charge of the supervision of
10 The special housing unit (S.H.U) at the time of incident address
11 herein They are both sued in Their individual capacity.
12 Defendant: COLLETTE PETERS is the diretor of O.D.O.C and is in
13 charge of The supervision and training of all the correctional officers
14 at S.R.C.I She is sued in her individual capacity.
15 ALL defendants have acted, and continue to act. under color of state
16 law at all times relevant to this complaint.
17          IV   FACTUAL STATEMENT
18
19 On-08-06-17 at approx. 5:40 PM D.S.U. staff suited up in riot gear
20 and conducted a "cell extraction" while in The course of the
21 cell extraction the staff deployed chemical agent. Olny ½ the
22 ventilation system was turned off the intake vent sucking into
23 Plaintiff cell was left on. Plaintiff banged on his door complaining
24 the intake vent was left on and sucking Toxic fumes into his

Page 2 of 6   CIVIL COMPLAINT

Cell, the correctional staff ingnored Plaintiff. Then C.O "Brewer" came in with the clean up crew Plaintiff ask him twice to Be decontaminated and he told Plaintiff you olny get decontaminat if you/when you get diretly sPrayed. C.O "PLATT" was working the unit and Plaintiff complained to him evey time he Passed Plaintiff cell that he was burning and itching and having breathing Problems Plaintiff reavested to decontaminate defendant "PLATT" ignored Plaintiff Plaintiff filed and did both appeals for the fact he was denied opperturity to decontaminate and did the same for the fact the vents were not shut off all the way.

## V   EXHAVSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has exhaustion his administrative remedies with the respect to the claims addressed herein

## VI   CLAIMS FOR RELIEF

(A) Constitutional violations:

(1) All defendants actions and/or failure to act in regards to denying Plaintiff a reasonable opperturity to be decontamiated within a reasonable time from chemical agents, and not shutting the ventilation system all the way off during the use of chemical agents failed to apply any administrative rules, correctional institutional Policy and state law which was maicous and sadistic, intentional, diliberate, reckless and to demonstarat or substantial lack of concern for whether an injury took

Page 3 of 6 CIVIL COMPLAINT

Place and the acts and/or admissions were the direct and Proximate Cause to Plaintiff injuries in violation of the Eighth Amendment to The U.S constitution. Plaintiff pleads and establishes the following factors in accordance with the U.S constitution and all other factors addressed throughout This complaint:

(A) all defendants actions and/or failure to act failed to apply any administrative rules, corrections institutional Policy and state law to chemical agents use by failing to turn vents off during the use of chemical agents, and denying Plaintiff an oppertunity to decontamiate in a reasonble time:

(B) all defendants actions and/or failure to act were done maliciously and Sadistically Constituting intentional, diliberately, reckless and calleas indifference under The cruel and unusal Punishment standerds it caused unnecessary and unwanted infliction of Pain:

(C) all defendants actions and/or failure to act was the direct and Proximate Cause of the injury and consequent damage to the Plaintiff:

(D) all defendants acted under color of law in their capacity as public officials

## (B) SUPERVISORY LIABILITY

(1) Defendant PETERS is liable for defendants: Gilmore, Bell, Platt and Brewer conduct against Plaintiff for the following factors in accordence with administraive rules, Correctional institutional Policy and U.S constitutional law and all other factors addressed thougout This complaint:

(A) Defendant PETERS is the drector of O.D.O.C which she supervises and trains Correctional Public officials in all Prisons and correctional institutions in oregon:
Page 4 of 6 CIVIL COMPLAINT

1 (B) defendant PETERS correctional Public officials such as above listed defendants have
2 a history of the violations addressed in Article VI Section A. in this Complaint;
3 (C) defendant PETERS failed to adequately supervise, review and/or discipline her correctional
4 Public officials whom she knew and/or should of known were violating Prisoners right's and
5 Subject Prisons as addressed in Articl VI Section A in this complaint. Thereby Permitting and/or
6 an couraging her correctional Public officials to engage in this unlawful conduct;
7 (D) defendant PETERS failed to adequately train and/or supervise her correctional Public officials
8 in the Proper Policies, Procedures and overall other Prisons to violations addressed in Articl VI
9 Section A in this complaint;
10 (E) defendant PETERS failed to adequately train and/or supervise her correctional Public
11 official in the Proper Policies, Procedures and administrative rules to the claims addressed
12 in Article VI Section A in this complaint;
13 (F) defendant PETERS acted under the color of law in her capacity as a correctional
14 Public official;
15 (G) defendant PETERS acts and/or failure to act was the direct Proximate cause
16 of the injury and consequent damage to the Plaintiff;
17 (H) defendant PETERS intentionally Promoted and faciliteated the commission of
18 defendants: Gilmore, Bell, Platt, Brewer conduct by failing to make an effort within her
19 legal duty to prevent the commission of their violations addressed in Article VI Section A
20 in this complaint, thereby Permitting and/or encouraging the correctonal Public officials to
21 engage in these violations.
22 (2.) defendants: Gilmore and Bell are liable for defendants: Platt and Brewer conduct
23 against Plaintiff for the following facturs in accordence with administrative rules, correctonal
24 institutional Policy and u.s Constitutional law and all the other facturs to addressed

Page 5 of 6   CIVIL COMPLAINT

1 Thoughout this complaint:

2 (A) defendants: Gilmore and Bell are both assistant superintendents at S.R.C.I which

3 they supervise the correctonal Public officials at S.R.C.I

4 (B) Plaintiff asserts claims addressed in Articl VI section B, subsection (1)(B) to (H)

5 in this complaint in a manner in accordance with this claim.

## VII RELIEF REQUESTED

7 WHEREFOR, Plaintiff reqvests that the court grant the following relief:

8 (A) issue a declatury Judemant stating that:

9 (1) all defendants actions and/or failure to act described herein violated the Eighth

10 Amendment to U.S constitution.

11 (B) Award compensatory damages in the amount of 35,000.00 both severally and

12 Jointly against all defendants for Pain and suffering, sleep deprevation, shock, anxiety,

13 Physical discomfort, inconvienances, emohonal distress, mantal suffering, shame and humiliation

14 (C) Award Punitive damages in the amount of 75,000.00 both severally and jointly against

15 all defendants for Pain and suffering, sleep deprevation, shock, anxiety, Physical discomfort

16 inconvienances, emohonal distress, mantal suffering, shame and humiliation

17

18 "I HEREBY DECLHRE THAT THE ABOVE STATEMENT IS TRUE

19 TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I

20 UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN

21 COURT AND IS SUBJECT TO PENALTY FOR PERJURY"

22

23

24 DATED: 3-7-18

RICKY WAYNE KARLE
Plaintiff in Prose

Page 6 of 6 CIVIL COMPLAINT

## CERTIFICATE OF SERVICE

CASE NAME: Karle v. peteRS, Gilmore, Bell, platt, Brewer

CASE NUMBER: (if known) _____

COMES NOW, Ricky wayne Karle, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at SRCI 777 Stanton Blvd, ontario, oR, 97914.

That on the 7 day of MARCh, 20 18, I personally placed in the Correctional Institution's mailing service A TRUE COPY of the following:

_____

I placed the above in a securely enclosed, postage prepaid envelope, to the person(s) named at the places addressed below:

U.S.D.C
Clerk of court
1000 SW 3rd Ave
Portland, oR, 97204

(Signature)

Print Name Ricky wayne Karle
S.I.D. No.: 15976226

Page 1 of 1 – Certificate of Service                                    Form 03.015